848 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TANTUS PRODUCTIONS, INC., a Michigan corporation, Plaintiff-Appellant,
v.
Robert LLOYD, Individually and d/b/a Precision
Electromagnetics and d/b/a Precision Electronics
Industries, Jointly and Severally,
Defendants-Appellees.
 No. 86-1535.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1988.
 
 Before MILBURN, Circuit Judge, WEICK and CONTIE, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Tantus Productions, Inc. (Tantus) challenges an order of the United States District Court, Eastern District of Michigan, Southern Division, denying its motion for default judgment and dismissing its complaint without prejudice to its right to refile the complaint in a district court in Maryland. For the following reasons, we reverse the judgment of the district court and remand this case to the district court with instruction that it make a determination as to whether it will exercise its discretion under 28 U.S.C. Sec. 1404(a) and transfer the present cause of action to a district court in Maryland.
 
 I.
 
 2
 In its complaint, Tantus named, as the defendant, Robert Lloyd, individually and d.b.a. Precision Electromagnetics (P.E.) and P.E.I. Tantus predicated the court's jurisdiction on diversity of citizenship since it is a Michigan corporation, Lloyd is a resident of Maryland, and P.E.I. and/or P.E. has as their principle place of business, Bowie, Maryland. Tantus made the following allegations. On November 11, 1983, Tantus, a Michigan corporation, contracted with Precision Electronics Industries (P.E.I.) for the purchase of "state of the art" recording and electronic equipment. Robert Lloyd signed the contract as president of P.E.I. Tantus, in exchange, was to deliver to P.E.I. various pieces of electronic equipment. When Tantus recieved the recording and electronic equipment from P.E.I. it found the equipment to be in non-conformity with the contract in several respects. P.E.I. assured Tantus that it would correct the deficiencies. Tantus charged the defendants with breach of express and implied U.C.C. warranties, breach of express and implied common-law warranties, negligence, and fraud and misrepresentation. In response, Lloyd filed an answer and motion to dismiss.
 
 
 3
 He asserted, inter alia, that he was formerly the president of P.E.I., that he was no longer associated with P.E.I., that the contract in question is between two corporations, and that he was no longer empowered to accept service on behalf of P.E.I.
 
 
 4
 On September 4, 1985, the district court notified the parties that a bench trial would be held on Tantus' complaint on November 12, 1985. In response, Lloyd informed the court that he is an agoraphobic and is consequently unable to travel. He suggested that the bench trial be handled by a three-way conference call. Lloyd failed to appear for trial.
 
 
 5
 On November 18, 1985, Tantus filed for default judgment. Tantus renewed the motion on May 13, 1986. Tantus alleged that Lloyd, for no apparent reason or justification, had failed to appear for the November 12, 1985 bench trial. Tantus sought recovery of $53,018.19 in damages, $527.13 in costs, and $4,150 in additional costs assessed by the court as a result of Lloyd's failure to comply with court orders. Attached to its motion, Tantus submitted a bill of particulars wherein it delineated its damages and expenses. The court held a hearing on Tantus' motion on March 21, 1986. Lloyd failed to appear at this hearing, but Tremont Tantus, president of Tantus, testified with respect to the damages his business had incurred. At the conclusion of the hearing, the court allowed Tantus a few weeks to prepare documentary evidence to support its claim for damages.
 
 
 6
 On May 16, 1986, the court issued an order denying Tantus' motion for default judgment. The court indicated that it had not granted Tantus' motion at the hearing on the matter because Tantus had failed to properly verify its damages. The court noted that although Tantus, following the hearing, had submitted several invoices and ledgers, it still failed to verify the bulk of its claimed damages, i.e., the value of the equipment Tantus traded to P.E.I., for the allegedly defective recording equipment from P.E.I. The court, because of Tantus' failure to verify its damages, denied default judgment. Further, in its order, the court determined that it would be in the best interests of justice for Tantus to refile this action in a district court in Maryland. In so determining, the court relied upon Lloyd's various submissions that he suffers from agoraphobia (a fear of open spaces) and cannot travel to Michigan to defend this lawsuit. Accordingly, the court dismissed Tantus' complaint without prejudice to its right to refile in a district court in Maryland. This timely appeal followed.
 
 
 7
 On appeal, Tantus contends that the district court abused its discretion in dismissing its complaint against Lloyd without prejudice to its right to refile in a district court in Maryland and abused its discretion in denying its motion for a default judgment. Because we reverse the district court's dismissal of this action and remand for further proceedings, we do not address Tantus' second argument.
 
 II.
 
 8
 Pursuant to the common-law doctrine of forum non conveniens, a district court is empowered to dismiss an action over which it has jurisdiction when trial in the chosen forum would "establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience," or when the "chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." Koster v. Lumbermens Mut. Casualty Co., 330 U.S. 518, 524 (1947). The doctrine leaves much to the discretion of the district court, but a prerequisite to the application of forum non conveniens is the existence of an adequate alternative forum. Gulf Oil Co. v. Gilbert, 330 U.S. 501, 506-07 (1947). An adequate alternative forum presupposes at least two forums in which the defendant may be served with process. Id. In ruling on a forum non conveniens motion, the Supreme Court, in Gulf Oil, directs that the district court must consider several private and public interest factors. The private interest factors include: private interests of the litigant; access to sources of proof; availability of witnesses; need for a view of the premises; enforceability of the judgment if one is obtained; and other practical problems. The public interest factors include: court docket congestion; burden on the community if no local connection with the case; local interest in having localized controversies decided at home; and the court's familiarity with the governing law. Gulf Oil, 330 U.S. at 508-09.
 
 
 9
 Pursuant to 28 U.S.C. Sec. 1404(a), a district court may, for the convenience of the parties and witnesses, and in the interests of justice, transfer any civil action to any other district court or division where the lawsuit might have been brought. According to the Supreme Court, in Van Dusen v. Barrack, 376 U.S. 612, 636-37 (1964), "[B]oth the history and purposes of Sec. 1404(a) indicate that it should be regarded as a federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms."
 
 
 10
 Although the common-law doctrine of forum non conveniens and section 1404(a) are facially similar, section 1404(a) was intended to be a revision rather than a codification of the common law, and transfers under section 1404(a) are considered to be different than dismissals on the ground of forum non conveniens. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 253 (1981). A district court enjoys broader discretion under section 1404(a) than under the doctrine of forum non conveniens although many of the considerations in determining whether to transfer a case may be the same as those in deciding whether to dismiss a case under the common-law doctrine. Id. However, the common law doctrine of forum non conveniens has been largely superceded by 28 U.S.C. Sec. 1404(a) and now applies only where the alternative forum is a state court or the court of a foreign country. C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure Sec. 3828 (2d ed.1986).
 
 
 11
 In light of the above, we conclude that the district court erred in dismissing Tantus' contract action against Lloyd without prejudice to its right to refile in a district court in Maryland. The district court's May 16, 1986 dismissal order in this case indicates that the district court was troubled by Lloyd's inability to appear in a Michigan district court to defend this action due to his agoraphobic condition. The district court sought to have Tantus refile in Maryland in the interest of justice. Moreover, the transcript of the March 21, 1986 hearing on Tantus' motion for default judgment reveals not only the district court's concern for Lloyd's agoraphobia but also the fact that, regardless of where Tantus might be granted judgment against Lloyd, Tantus would still have to collect such judgment in Maryland. Thus, the trial court's language indicates that it sought to have the present contract action, for the convenience of the parties, and in the interests of justice, tried in a Maryland district court rather than in a Michigan district court. Such, according to the language of section 1404, could be achieved only by transfer of the action to a Maryland district court. Dismissal is not an option under section 1404(a), and dismissal under the common-law doctrine of forum non conveniens is appropriate only where the alternative forum is a state court or the court of a foreign country,--not when the alternative forum is another federal court. This case must therefore be remanded to the district court with instruction that it make a determination as to whether it will exercise its discretion under 28 U.S.C. Sec. 1404(a) and transfer the present cause of action to a district court in Maryland.
 
 
 12
 Accordingly, we REVERSE the judgment of the district court and REMAND this cause of action to the district court with instruction that it determine whether it will exercise its discretion under 28 U.S.C. Sec. 1404(a) and transfer Tantus' contract action to a district court in Maryland.